HOUSTON AND TEXAS CENTRAL RAILROAD CO. V. WILLIAM S.
SMITH.

1. DAMAGES—CONTRIBUTORY NEGLIGENCE.—To entitle one to recover
   damages for injuries inflicted by the negligence of another, he must
   have used that degree of watchfulness and precaution which persons
   of ordinary care and prudence would naturally and reasonably use
   under like circumstances to prevent the injury.
2. CONTRIBUTORY NEGLIGENCE.—Contributory or coöperative negli-
   gence exists when the act producing the injury would not have hap-
   pened but for the negligence or wrong of both parties.
3. DAMAGES — NEGLIGENCE.—In suit against a railroad company for
   damage for injury caused by the negligent running of an engine and
   train of cars: *Held*, That if, after the impending danger became
   known to defendant, it failed to use such ordinary care as would have
   prevented the injury, and injury resulted as a consequence thereof,
   the road would be liable.   This liability would be increased if, under
   such circumstances, the injury was inflicted willfully and wantonly in
   a manner showing a reckless disregard of life or property.
4. PRESUMPTION—DAMAGES—NEGLIGENCE.—The law presumes that a
   person walking upon a railroad track will leave the same in time to

prevent injury from an approaching train of which he has knowledge, or should have, by the use of the senses of hearing and seeing, and the managers of the train may act on this presumption.

5. FACT CASES.—See case for facts in which the court trying the cause was not authorized in assuming in the charge that the negligence of the plaintiff was slight only.

6. WITNESS—EVIDENCE.—As a general rule, the correct practice is for a witness, who does not testify as an expert, to state facts, and leave deductions therefrom to be drawn by the jury.

7. FACT CASES.—See case for facts which did not authorize a verdict for plaintiff, in a suit for damages for injury to the person, against a railroad company.

ERROR from Robertson. Tried below before the Hon. Spencer Ford.

Suit brought April 21, 1877, by Smith, defendant in error, to recover of the Houston and Texas Central Railroad Company $25,500 damages for personal injuries, claimed to have been caused on the 3d of January, 1877, within the corporate limits of Calvert, by the Houston and Texas Central Railroad Company, whose employees in operating and running an engine and train of cars over the company's track struck Smith, who at the time was walking along and over said track, throwing him off and inflicting upon him serious injuries.

Defendant answered by general demurrer, plea of not guilty, and plea of contributory negligence.

Plaintiff alleged in his petition that at the time he was injured he was walking along and over defendant's track in the corporate limits of Calvert, with his face turned in a northerly direction, and that while traveling, unmindful of any danger, defendant's engine and cars approached from a southerly direction at a speed rapid and contrary to the ordinances of Calvert, struck him, threw him with great violence from the track, crushed his foot, destroyed one of his eyes, and otherwise injured him; and that by reason of a north wind prevailing at the time, and the noise made by the machinery of an oil mill near by, he did not and could not hear the engine and cars as they approached him.

Defendant's demurrer was called to the attention of the court, and overruled.

The evidence of plaintiff showed that at the time he was injured he was walking along the railroad track going north; that the train which struck him came from the south; that he had walked on the track about three hundred yards before he was struck; that he may have been drunk; expected he was; that he did not see or hear the train which struck him, or hear the noise of the oil mill near by; that he was not paying attention to the mill; was not paying attention to anything; that there was a street or road on the right-hand side of the track, but he was walking on the track; that he knew nothing for ten days afterwards; had his foot amputated, lost his left eye, and had his olfactory nerves destroyed; that the engineer did not blow the whistle or ring the bell; that the train was running sixteen miles an hour, and he could not escape from it.

The witness Volenta (plaintiff's witness) testified that when plaintiff was run over he (witness) was in his room, looking through the window; that his attention was first attracted by the whistling of the train; that they whistled three times; thought the train was going eight or ten miles an hour; had himself been a brakeman and engineer two years of his life on a railroad; the whistling was an alarm signal, and meant "put down brakes and stop"; that it was about sixty yards from where he first heard the alarm signal sounded to where he found plaintiff lying; could not see the cars strike plaintiff; after he was struck the train went three hundred yards; when running at six miles an hour, a train can be stopped in its own length; at the rate the train was going, it could not have been stopped from the time it whistled before plaintiff was struck; it was a cold evening and a cold wind; the oil mill was in operation; did not know whether it was running when plaintiff was struck; heard three whistles at the window; went to the door at once, and saw plaintiff lying by the track; they whistled all the time after he left the window.

May 30, 1878, there was verdict for plaintiff Smith for $5,000, and judgment entered in accordance.

Defendant made a motion for a new trial, and it being overruled, gave notice of appeal to the Supreme Court.

The case came up on error.

*Davis, Beall & Kemp,* for plaintiff in error.

I. The court erred in overruling defendant's demurrer for the reasons stated in the first assignment of error. (Shear. & Red. on Neg., p. 491; Mulherrin *v.* D. L. & W. R. R. Co., 15 Am. R. R. Reps., 456; Illinois Central Railway Co. *v.* Godfrey, Am. Law Reg. (N. S.) for May, 1875, vol. 14, p. 290; O'Donnell *v.* Providence and Worcester R. R. Co., 6 R. I., 211; Railroad Co. *v.* Norton, 12 Harris, (24 Penn. St.,) 465.)

II. The court erred in the third paragraph of the charge, wherein the jury were instructed: "If, however, plaintiff was guilty of some slight degree of negligence not amounting to a want of ordinary care, that is, such care as is usually exercised by prudent men in like circumstances, and the agents and employees of defendant failed to exercise ordinary care, in consequence of which plaintiff was injured, find for plaintiff;" because the instruction was not applicable under the facts proved, since the evidence proved the absence of ordinary care on the part of plaintiff, and established gross negligence on his part; and further, because the instruction given is not law. (Shear. & Red. on Neg., secs. 33, 34, 37, 487, note 3; Lacy's R. R. Dig., sec. 47, p. 451.)

*Collard & Field* and *W. H. Hamman,* for appellee.

I. There was no error in overruling defendant's general demurrer to plaintiff's petition. The exception was in favor of general demurrer. (Texas and Pacific Railway Co. *v.* Murphy, 46 Tex., 360.)

II. The third paragraph of the charge was good law and applicable to the case, viz.: "If, however, plaintiff was guilty of some slight degree of negligence, not amounting to a

want of ordinary care, that is, such care as is usually exercised by prudent men in like circumstances, and the agents and employees of defendant failed to exercise ordinary care, in consequence of which plaintiff was injured, find for plaintiff." (Texas and Pacific Railway Co. v. Murphy, 46 Tex., 368; Lacey's Railway Dig., 458; Id., 460; Id., 282; Philadelphia and Trenton Railroad Co. v. Hagan, 47 Penn. St., 244; Whiton v. Chicago and Northwestern Railroad Co., 2 Bissell, (U. S.,) 282; Illinois Central Railroad Co. v. Middlesworth, 46 Ill., 494; 38 Ill., 370; 51 Ill., 333; 49 Ill., 500; 29 N. Y., 383, 391; 35 N. Y., 9; Shear. and Red. on Neg., secs. 25, 29, 31–36; Reeves v. Delaware, Lackawanna and Western Railroad Co., 30 Penn., (6 Casey,) 461.)

III. In the fourth paragraph of the charge of the court, the court gave the law applicable to intoxication of plaintiff and negligence of plaintiff contributing to his injuries in terms as favorable as, or more favorable than, defendant could ask; and the charge asked by defendant was not the law of the case, as it did not present the whole case, and took the question of fact of negligence away from the jury.

The fourth paragraph of the charge is: "If plaintiff went upon and was walking along the track of defendant's road, at a place not used as a crossing, and the engineer signaled before the plaintiff was struck, and in time for plaintiff to have got off before he was struck, and he refused to do so, or was unable, in consequence of intoxication, to understand the signal or step from the road, and was run upon and injured, he cannot recover." (Texas and Pacific Railway Co. v. Murphy, 46 Tex., 365; 70 Penn., 357; Weil v. Express Co., 27 Phil., 245; 2 Redfield on Law of Railroads, 249; Robinson v. New York Central Railroad Co., 65 Barb., (N. Y.,) 146.)

IV. The error complained of in the fourth assignment is not well taken, because plaintiff Smith says he did not hear the whistle.

Smith says he did not know what kind of train ran over him; did not see it; never did see it; did not hear steam

whistle or bell ringing on the train.    (Texas and Pacific Railway Co. v. Murphy, 46 Tex., 360.)

V. There was no error in overruling defendant's motion for a new trial, and there was no evidence that established the fact that plaintiff was guilty of such contributory negligence as debarred his recovery.    (Texas and Pacific Railway Co. v. Murphy, 46 Tex., 360–370; 2 Bissell, (U. S.,) 282; Jetter v. New York and Harlem Railroad Co., 2 Abbott, (N. Y. Ct. of Ap.,) 458; Pennsylvania Railroad Co. v. Kelly, 31 Penn. St., 372; 45 Mo., 255; 50 Mo., 461; 17 Ind., 102.)

BONNER, ASSOCIATE JUSTICE.—The first assignment of error is, that "the court erred in overruling defendant's demurrer to plaintiff's petition, because plaintiff's petition showed that at the time of his alleged injuries he was walking along defendant's track, using the same for his own purposes, thereby placing himself in the wrong and contributing to the injuries sustained."

The general law of contributory negligence may be thus briefly stated: "One who is injured by the mere negligence of another cannot recover at law or in equity any compensation for his injury if he, by his own or his agent's ordinary negligence or willful wrong, proximately contributed to produce the injury of which he complains, so that but for his concurring and coöperating fault the injury would not have happened to him, except where the more proximate cause of the injury is the omission of the other party, after becoming aware of the danger to which the former party is exposed, to use a proper degree of care to avoid injuring him."    (Shear. & Red. on Neg., sec. 25.)

To entitle the plaintiff to recover he must have used ordinary care to have prevented the injury; that is, that degree of watchfulness and precaution which persons of ordinary care and prudence would naturally and reasonably use under similar circumstances of danger.

If, however, in consequence of the want of ordinary care on

the part of plaintiff, he was guilty of such negligence as prox-
imately contributed to his danger, so that it both concurred in
the transaction and coöperated in the injury, then he cannot
recover.   This mutual, contributory, or coöperative negligence
or wrong exists when the act producing the injury would not
have happened but for the negligence or wrong of both par-
ties.

The question is not whether the fault of the plaintiff caused
the injury, but whether it contributed to it.

The rule of contributory negligence is based not so much
upon considerations of what is just to the defendant as upon
those of public policy, which require that every one should
take reasonable care of his own person and property, and upon
the further principle, that when both parties are in fault, the
law, as a general rule, will withhold its aid and leave them to
the consequences of their own wrong.

If, after the impending danger becomes known to the de-
fendant, he should then fail to use such ordinary care as would
have prevented the injury, and the same results as a conse-
quence thereof, then another principle of law governs, and
the defendant would be liable; and this liability would be in-
creased if, under such circumstances, the injury was inflicted
willfully and wantonly, in a manner showing a reckless disre-
gard of life or property.   (Shear. & Red. on Neg., ch. 3, and
authorities cited in notes.)

In the pleading under consideration, it is affirmatively aver-
red, both that the defendant failed to give the usual signals of
warning, and that the injury was maliciously inflicted.   These
allegations, being taken as true, were sufficient to sustain
plaintiff's cause of action on general demurrer, and the court
did not err in overruling the same.

The second assignment of error is, that " the court erred in
the third paragraph of the charge, wherein the jury were in-
structed: 'If, however, plaintiff was guilty of some slight degree
of negligence not amounting to a want of ordinary care, that
is, such care as is usually exercised by prudent men in like

circumstances, and the agents and employees of defendant failed to exercise ordinary care, in consequence of which plaintiff was injured, find for plaintiff;' because the instruction was not applicable under the facts proved, since the evidence proved the absence of ordinary care on the part of plaintiff, and established gross negligence on his part; and further, because the instruction given is not law."

The law presumes that a person walking upon a railroad track will leave the same in time to prevent injury from an approaching train of which he has knowledge, or should have, by the ordinary use of the senses of hearing and seeing, and the managers of the train may act upon this presumption. (Railroad Co. *v.* Miller, 25 Mich., 279; Indianapolis and Vincennes Railroad Co. *v.* McClaren, 62 Ind., 566.)

According to the evidence of the plaintiff himself, he walked upon the railroad track three hundred yards, although there was a street or road upon the right side of the same which he could have used; he was not paying attention to anything, and he had been drinking, and might have been intoxicated; and the other testimony showed that he was in this condition, and also that the alarm-whistle sounded for a distance varying, according to the different witnesses, from two hundred yards to twenty feet of the place where the injury was inflicted.

If "comparative" negligence can in any event avail the plaintiff, and that it cannot is now generally held by the most important courts in America, (Shear. & Red. on Neg., sec. 37, citing several authorities in note 5,) yet, in our opinion; the evidence in this case, as applied to the law, did not warrant the court in assuming as a hypothesis for the third paragraph of the charge that the negligence of the plaintiff was slight only, and consequently the second assigned error was well taken. (Shear. & Red. on Neg., secs. 488, 491, and note 5 to sec. 29; Brand *v.* Railroad Co., 8 Barb., 368; Railroad Co. *v.* Heilman, 49 Penn., 60; Butterfield *v.* Railroad Co., 10 Allen, 532.)

As the question involved in the third error assigned will not probably arise upon another trial, it will not be considered.

The fourth error assigned is: "The court erred in not allowing the witness Volenta to answer the questions asked by the defendant on cross-examination, 'Did plaintiff Smith have time, after the alarm-signal was given, to get off the track to avoid the injury?' and 'Could a man have jumped off the track after the signal-whistle blew?' as set forth in the bill of exceptions, because said questions were material and relevant under defendant's plea of contributory negligence."

Except where the witness testifies as an expert, the correct practice, as a general rule, is for the witness to state the facts and let the jury draw the proper deductions arising therefrom.

The fifth error assigned is, that the court erred in overruling the motion for a new trial.

The fourth ground of the motion was, that " the verdict was contrary to the evidence, in finding that plaintiff was not guilty of contributory negligence."

Without commenting upon the weight of the testimony, as it might prejudice the rights of the plaintiff upon another trial, we simply state that the facts and circumstances as now developed by the record, when applied to the law of contributory negligence, did not warrant the verdict, and that the motion for a new trial should have been granted.

For the errors above indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.


[Opinion delivered November 18, 1879.]