### A. F. LINCOLN v. LULA PACKARD ET AL.

Decided January 15, 1901.

**1.—Conversion—Measure of Damages—Market Value.**

Where, in an action for conversion, there was evidence tending to show that the goods had a market value at the time of their conversion, it was error for the court to instruct that the measure of damages was their reasonable value.

**2.—Same—Insufficient Proof of Market Value.**

Proof establishing merely that second-hand furniture of the kind involved in the suit was often sold there by persons desiring to leave the city, or who were forced to sell, at from 10 per cent to 60 per cent of its original value, was not sufficient to show the market value of the property.

**3.—Same—Same—Price Paid for Property.**

Evidence of what plaintiffs paid for a piano a number of years before could form no basis for the ascertainment of its present value, unless such amount was shown to have been its value at the time of the purchase.

Appeal from Harris. Tried below before Hon. Wm. H. Wilson.

*Boyd & Thompson,* for appellant.

*R. M. Hall* and *William H. Crank,* for appellees.

PLEASANTS, Associate Justice.—Appellees brought this suit to recover of appellant damages for the conversion of certain personal property described in their petition, and alleged to be worth the sum of $651. The cause was tried by a jury in the court below, and resulted in a verdict and judgment in favor of appellees for the sum of $483, from which judgment this appeal is prosecuted. The court below charged the jury that, in event they found for plaintiffs, they should assess the damages at the "reasonable value of said goods." The appellant by his fourth assignment of error assails this charge on the ground that the evidence in the case shows that the goods had a market value at the time of their

conversion, and the correct measure of damage is the fair market value of said goods at the time of their conversion. We think this assignment should be sustained.

In laying down a rule as to the true measure of damages for any injury to property, the result sought to be obtained by the establishment of such rule is a just and fair compensation for the injury, or, in other words, to make the injured party whole. Hence, our courts have universally held that the correct rule of damage in suits for conversion of property, where the property is shown to have a market value, is the market value of such property at the date of the conversion, with legal interest thereon from said date. Under this rule the injured party would ordinarily be fully compensated for his loss, as he could go into the market and make himself whole by purchasing property of like character as that of which he had been wrongfully deprived. We find nothing in the facts of this case which calls for any deviation from the general rule above stated. Of course our opinion upon this point is predicated upon the correctness of the statement of the witnesses that the property in question in this case had a market value. None of the witnesses swear with any certainty as to what that market value was, and the testimony in the case as to the value of the property does not seem to have been elicited with any special reference to the correct rule of damage, and if it should appear upon another trial of this cause that said property had in fact no ascertainable market value, then the correct rule would be, as stated by the court, the reasonable value of the property. We do not think that proof which only establishes the fact that second-hand furniture of the kind involved in this suit was often sold in the city of Houston by persons who desired to leave the city, or who were forced to sell, at from 10 per cent to 60 per cent of its original value, is sufficient to show the market value of such property; but the proof must show that there is an open market for such property in the city of Houston into which the plaintiffs could go and buy property of like kind as that of which they have been deprived. When this is shown, the correct rule as to the measure of damage, which as before stated is but a rule of compensation, would award to plaintiffs just what it would cost them to replace the property of which they have been deprived by the wrongful act of the appellant, with legal interest thereon from the date of such deprivation.

Under his fourteenth assignment appellant complains of the ruling of the trial court in permitting the appellee, Si Packard, to testify over the objection of appellant as to what he paid for the piano, which was one of the pieces of furniture for the conversion of which this suit was brought. We think the admission of this testimony was clearly erroneous. The learned trial judge, in his explanation appended to the bill of exceptions taken by appellant to the introduction of this testimony, says: "The evidence showed this piano had been in use for a number of years, and the court considered its cost price, in connection with what

amount of wear and tear it had been subjected to, to be circumstantial evidence on the question of proper value to go to the jury." If the property had no market value, and the proper inquiry had been as to its reasonable value at the date of the conversion, it would have been proper to have allowed the jury to consider its value when new in comparison with the wear and tear in order to arrive at its reasonable value at the time of the conversion, but in no event should the jury have considered what appellees paid for the property. They may have bought the property for less than its value, or they may have paid for it a great deal more than its actual value, and the amount paid for it would form no just basis for the ascertainment of its present value, unless such amount was shown to have been its value at the time of the purchase.

We shall not discuss the other assignments of error presented by appellant. If any error is pointed out by any of them, it is not such as is likely to be repeated upon another trial of this cause. For the errors above discussed the judgment of the court below will be reversed and this cause remanded for a new trial, and it is so ordered.

*Reversed and remanded.*