SOUTHER v. HUNT et ux.

(Court of Civil Appeals of Texas. Austin. Oct. 18, 1911. On Motion for Rehearing, Nov. 29, 1911.)

1. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR — ERRONEOUS EXCLUSION OF EVIDENCE.

The error in excluding evidence is not reversible where the evidence was subsequently received without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195–4206; Dec. Dig. § 1058.*]

2. WITNESSES (§ 370*)—BIAS—FRIENDLY RELATIONS.

Where, in an action for the wrongful seizure by defendant of plaintiffs' goods, a marshal testified for defendant, it was proper to permit plaintiff to prove that the marshal was on friendly terms with defendant, who had supported him for the office in former elections, and that he was a candidate for re-election, to show prejudice of the officer as a witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1189; Dec. Dig. § 370.*]

3. EVIDENCE (§ 571*) — OPINION — "MARKET VALUE"—WEIGHT.

The market value of secondhand goods is what it will cost one to purchase them in the open market, and the testimony of a secondhand dealer that he had examined secondhand furniture, and that it was worth a specified sum, when new, and a specified sum in the condition it was in, without stating whether he meant what he would give, or what he would ask for it, does not prove market value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2395–2398; Dec. Dig. § 571.*

For other definitions, see Words and Phrases, vol. 5, pp. 4383–4388; vol. 8, p. 7717.]

4. TROVER AND CONVERSION (§ 39*)—EVIDENCE —DAMAGES.

Where, in an action for the wrongful seizure by defendant of the secondhand furniture of plaintiffs, no market value for the goods was shown, it was competent for plaintiffs to prove that the goods were valuable to them, in order to show the damages sustained, and the wrongdoer could not complain because he was required to pay plaintiffs what the goods were worth to them.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 229–231; Dec. Dig. § 39.*]

5. APPEAL AND ERROR (§ 1033*)—ERROR FAVORABLE TO PARTY COMPLAINING—DAMAGES—EVIDENCE—INSTRUCTIONS.

Where, in an action for the wrongful seizure of secondhand furniture, the evidence did not show any market value for such goods, and plaintiff without objection testified as to their value, though admitting that he did not know the market value, an instruction that the measure of damages was the reasonable cash value was too favorable to defendant, and he could not complain thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

6. APPEAL AND ERROR (§ 688*)—RECORD—REFUSAL OF INSTRUCTIONS — ARGUMENT OF COUNSEL.

Error in refusing a requested charge with reference to argument of counsel cannot be reviewed where the record does not show that such argument was made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2894–2896; Dec. Dig. § 688.*]

7. TRIAL (§ 261*)—INSTRUCTIONS—REQUESTS—SUFFICIENCY.

A requested charge embodying more than one proposition, in part correct and in part incorrect, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 660, 671, 675; Dec. Dig. § 261.*]

8. TROVER AND CONVERSION (§ 32*)—PETITION—SUFFICIENCY.

A petition in an action for the wrongful seizure of household and kitchen furniture, which enumerated the articles taken and the value of each, and which alleged that two

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

trunks were taken, that the personal effects in the trunks were of a specified value, sufficiently described the goods seized, especially where plaintiff was unable to give a more accurate description of the goods; they being in possession of defendant.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 191–202; Dec. Dig. § 32.*]

9. TROVER AND CONVERSION (§ 32*)—WRONGFUL SEIZURE—PETITION—DAMAGES.

A petition in an action for the wrongful seizure of household furniture which alleges the seizure of enumerated articles, and which sets forth insulting language of defendant and his agent at the time of the seizure, and which avers that defendant and his agent made divers other insinuations and charges, is not objectionable for failing to set forth with sufficient particularity the insulting language complained of.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 191–202; Dec. Dig. § 32.*]

10. HUSBAND AND WIFE (§ 22*)—PLEDGE OF GOODS—AUTHORITY OF WIFE.

A wife may not legally pledge the goods of her husband to secure a debt from him, unless she acts as his agent.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 140, 141; Dec. Dig. § 22.*]

11. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—ERRONEOUS RULINGS ON PLEADINGS.

The error in sustaining special exceptions to allegations of an answer is not prejudicial, where the facts provable under the allegations were received under the general denial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

12. EVIDENCE (§ 194*)—DEMONSTRATIVE EVIDENCE—ADMISSIBILITY.

Where, in an action for the wrongful seizure of household furniture, the evidence showed that the goods had been in defendant's possession for 13 months at the time of the trial, and the court permitted defendant to have each article examined by his own witnesses, who testified as to the character, kind, and condition of the articles and their market value, the refusal to allow defendant to exhibit the articles to plaintiff while testifying as a witness was not erroneous.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 679; Dec. Dig. § 194.*]

On Rehearing.

13. EVIDENCE (§ 471*)—CONCLUSION OF WITNESS—"UNDERTAKE."

In an action for the wrongful seizure by defendant of plaintiff's goods, the testimony of an officer who assisted defendant in the seizure and who testified in his behalf that he did not undertake to compel plaintiff to give defendant the goods was properly excluded as a conclusion of the witness; the word "undertake" not being used in the sense of purpose or intent, but in the sense that he did no act calculated to effect such purpose.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*

For other definitions, see Words and Phrases, vol. 8, p. 7163.]

14. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR — ERRONEOUS EXCLUSION OF EVIDENCE.

Where, in an action for the wrongful seizure by defendant of plaintiff's goods, the offi-cer assisting defendant in seizing the goods testified as to his purpose, and that he told plaintiff that he was an officer, but that he was not there to force the giving up of the goods, the error, if any, in excluding the testimony of the officer that he did not undertake to compel plaintiffs to give defendant the goods, was not prejudicial, though it be assumed that the word "undertake" was synonymous with "purpose."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195–4206; Dec. Dig. § 1058.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by Hugh Hunt and wife against Alta Souther. From a judgment for plaintiffs, defendant appeals. Affirmed.

Phillips & Bledsoe, for appellant. E. A. Rice, for appellees.

Findings of Fact.

JENKINS, J. Appellees, Hugh Hunt and wife, brought suit against appellant, Souther, to recover $250 actual damages and $500 punitory damages, and alleged as their cause of action that on the 14th day of March, 1909, they were man and wife, living in Cleburne, Tex., and were the owners of certain household and kitchen furniture, to wit, two trunks of the value of $2.75 each, one feather bed of the value of $15, one pillow of the value of $3, one oil stove of the value of $2, one suit case of the value of $1.25, one coat and pair of pantaloons of the value of $5, one suit of men's underwear of the value of $1.25, one small album of the value of 40 cents, family portraits and photographs of the value of $5, one counterpane of the value of $1.75, one set of beads of the value of $12.50, four ladies' waists of the value of $4.25, three dresses of the value of $9, blocks for six quilts of the value of $12, two suits of ladies' underwear of the value of $1, two aprons of the value of $2, one broom of the value of 35 cents, one rope of the value of 25 cents, net for waist, not made, of the value of $1.50, goods for one dress, not made, of the value of $3, and other personal effects contained in said trunks of the cash value of $10. That said goods were all of the personal effects belonging to appellees, except the clothes that they were wearing at said time; that on said day and date the appellant entered the rooms rented by appellee and in which said property was situated, and forcibly took possession of the same, claiming that appellee Hugh Hunt was indebted to him; that, when appellant first came for said goods, he brought with him an express wagon and driver for the purpose of taking them away; that he had been to the rooms where said goods were situated a short time before in the absence of Mrs. Hunt, and that during his absence for the purpose of getting said express wagon appellee Mrs. Hunt, with the assistance of a lady who lived in the adjoining rooms in said house, had moved said

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

goods into said lady's room; that upon appellant's return, as aforesaid, finding said goods moved from appellee's room, he forcibly entered the room to which said goods had been moved, and that, upon the occupant of said room advising appellee Mrs. Hunt to call an officer, he said that he would do so himself, and went away and shortly returned with C. H. McLean, the city marshal of Cleburne; that both he and McLean in his presence accused said Mrs. Hunt and her husband of being dishonest and threatened to bring a county officer and seize said goods, and require Mrs. Hunt to attend court and expose her and her husband, and have her husband arrested. Her husband, Hugh Hunt, had left that evening for Hillsboro, where he obtained employment, and where he was living at the time of this suit. He had formerly been in the employ of appellant as a hack driver, and had quit such employment on the day the above events occurred. Appellant admitted getting the goods, but both he and McLean denied that they used any insulting language towards Mrs. Hunt, or made any threats such as were claimed by her, but, on the contrary, alleged that she consented to appellant's taking said goods.

The court submitted the issues raised to the jury, and the jury by returning a verdict in favor of appellees for $50 actual damages and $250 exemplary damages found, in effect, that the allegations in said petition as to the forcible taking of said goods and the insults and threats alleged were true. The evidence is sufficient to sustain these findings.

### Opinion.

Appellant complains of the action of the court in sustaining objections to the answer of witness McLean, as follows: "I am not under any obligations to plaintiff or the defendant in this case in any way. I did not in any manner undertake to compel Mrs. Hunt to give Souther the goods in question." The trial court did not err in sustaining these objections. They were but expressions of opinion concerning which, the facts being stated, the jury were in as good position to know as was the witness. This is unlike a case where the intent of a witness is a material fact, and to which intent he may testify as a fact. It presents no exception to the general rule that the witness state the facts, and not his opinion. 5 Ency. Evid. pp. 651–699; Railway Co. v. Long, 87 Tex. 148, 27 S. W. 113, 24 L. R. A. 637, 47 Am. St. Rep. 87; Railway Co. v. Smith, 52 Tex. 186.

[1] Even had the answer of the witness that he was not under obligation to appellant been admissible in evidence, its exclusion would not have been reversible error in this case, for the reason that in another portion of his deposition he did so testify without objection.

[2] Appellant assigns as error the action of the court in permitting appellee to prove by said McLean that he (McLean) was on friendly terms with appellant; that appellant had supported him for city marshal in former elections, and that he was at the time of said occurrence a candidate for re-election; that he was boarding a horse with appellant; and that he had borrowed money from appellant. The objection to this testimony is that it is immaterial. The bias or prejudice of a witness for or against a party to a suit is always a material fact. 2 Ency. Evid. p. 406. The facts above proven by the witness were such as to show a probable bias in favor of appellant. To what extent he might be influenced by such facts was a question for the jury.

[3] Appellant assigned as error the action of the court in admitting over appellant's objection the following testimony of J. P. Ferguson: "No; secondhand goods are not worth much on the market. They might be worth a good deal more to somebody that already had them and needed them than they would to get out and try to sell them." This witness Ferguson had been introduced by appellant to prove the value of a portion of the goods described in plaintiffs' petition, and the above testimony was elicited on cross-examination. Ferguson testified that he was in the secondhand furniture business; that he had examined a certain oil stove and album and feather bed exhibited to him the night before. These articles were the same referred to in appellees' petition. The witness testified as to the value of these articles in the condition when he saw them, which was about 13 months after they had been taken from appellees' possession. The witness stated that the oil stove was a $4 stove when new, but in the condition he saw it it was worth about $1. He does not explain what he means by the market value of these articles; that is to say, he does not state whether he means what he would give for them as a secondhand furniture dealer, or what he would ask for them as such dealer. No other witness examined by appellant upon this subject stated that there was any market in Cleburne for secondhand goods of the kind described in appellees' petition. The evidence is insufficient to establish such market, even as to the few articles, the value of which was testified to by the witness Ferguson. The market value of secondhand goods is not what one might get for them from a secondhand dealer, but what it would cost a person to purchase such goods in the open market, if there was a market for such goods. Lincoln v. Packard, 25 Tex. Civ. App. 22, 60 S. W. 682; Insurance Co. v. Wood, 133 S. W. 288.

[4] No market value for such goods being shown, it was competent for appellee to prove that such goods were valuable to him, which is as far as the testimony of the witness Ferguson goes in this respect. Where a party by his wrongful act, willfully done, deprives the owner of property, he ought not

to be heard to complain if he is required to make good the damage occasioned by his tort, and to pay the injured party what such goods were worth to him would be no more than making good such injury.

[5] Appellant complains of the refusal of the court to give a special charge to the effect that the cash market value of the goods mentioned in appellees' petition was the measure of damages and to instruct the jury that no evidence of any other value was admitted, and that the argument of counsel to the effect that the coats, pants, dresses, and other things mentioned in the pleading "were of some value to plaintiffs, notwithstanding the fact that Fred Alexander would not have the same on exhibition in the plate glass window of the American Dry Goods Company," was improper, not justified by the evidence, and therefore "you are instructed not to consider the same for any purpose." The court did instruct the jury that the measure of damages was the reasonable cash market value of the goods mentioned in appellees' petition, and in this respect the charge was more favorable than appellant was entitled to. Both appellees testified, without objection, as to the value of said goods, each of them admitted that the market value of said goods was not known to the witness.

[6] The remainder of the charge with reference to the argument of counsel may, for aught that appears, have been refused by the court for the reason that no such argument was made. It does not appear from the record that such argument was made by counsel, and, if such was the fact, no bill of exception was reserved, so far as the record shows.

[7] Where a charge embodies more than one proposition, even though it may be in part correct, if in part it is not correct, it is not error to refuse to give such charge. Lanyon v. Edwards, 26 S. W. 526; Bank v. Convery, 49 S. W. 926; Riviere v. Railway Co., 40 S. W. 1074; Hurst v. McMullen, 47 S. W. 666.

[8] The court did not err in overruling appellant's first special exception, which was to the effect that the articles mentioned in appellees' petition were not described with sufficient certainty, and that the allegations of value were not as to each article, and especially as to that portion of said petition which alleged other personal effects contained in said trunks of the cash value of $10. We think the articles were described with sufficient particularity, in view of the fact that they were in the possession of the appellant, and he was thus in position to meet the allegations as to value. Appellees, by amended petition, alleged that they could not give a more accurate description of the articles contained in said trunks for the reason that the same were in the possession of appellant. This would be sufficient, even where such possession was gained without any intentional wrongdoing. Railway Co. v.

Weatherby, 41 Tex. Civ. App. 409, 92 S. W. 61. For a stronger reason it should be held sufficient where the articles have been wrongfully seized by the defendant in a case and remain in his possession at the time of the trial. Piano Co. v. Phelps, 47 Tex. Civ. App. 385, 105 S. W. 227.

[9] Appellant excepted to appellees' petition, upon the ground that the insulting conduct and language of appellant and McLean were not set forth with sufficient particularity. This assignment is not well taken. The substance of appellees' petition in this regard is set forth in the findings of fact herein, and said petition is not objectionable, in that, in addition to the particular language and conduct set forth, it also alleged that "the defendant, his agent and servant (McLean), then and there made divers and sundry other similar threats, insinuations, and charges to and against plaintiff."

[10] Appellant complains of the action of the court in sustaining appellees' special exceptions to appellant's answer, wherein it was alleged that the goods mentioned in appellees' petition were delivered to appellant by Mrs. Hunt of her own free will and accord, and that in doing so she also acted as the agent of her husband, and that said goods were so delivered as security for a debt of $13.45 claimed by appellant to be due him from appellee Hugh Hunt. It appeared from appellant's answer that Mrs. Hunt at the time of said transaction was a married woman, and therefore she could not legally pledge said goods to secure a debt. She could, however, act as the agent of her husband, and for this reason the court erred in sustaining said exception.

[11] However, appellant suffered no injury by said ruling of the court, for the reason that all of said allegations were properly provable under the general denial, and the court permitted evidence to the full extent in reference to these matters. The undisputed evidence showed that Mrs. Hunt was not acting as the agent of her husband in delivering said goods to appellant, if she did so. Her husband knew nothing of said transaction until informed thereof by his wife after said goods had been taken, and he did not in any manner ratify the delivery of said goods to appellant. The evidence of Mrs. Hunt was that she did not deliver said goods to appellant at all. This issue was submitted to the jury in the following charge of the court: "If you believe from the evidence that the plaintiff Mattie Hunt voluntarily turned over to defendant the property in question, and that defendant nor Charley McLean did not use insulting language to said Mattie Hunt, and the defendant nor Charley McLean did not make any threats to said Mattie Hunt, and that the taking of said goods was not done in an insulting manner, then, if you so believe, you cannot find for plaintiffs any exemplary damages." The jury found exemplary damages, which amounted

to a special finding that the facts with reference to the taking of said goods were not as alleged by appellant—that is, that they were not voluntarily turned over to appellant —but that he forcibly took them, and in doing so used insulting language and made threats to Mrs. Hunt.

[12] There was no error in the refusal of the court to allow the appellant to exhibit said articles to Mrs. Hunt in the presence of the jury while she was upon the witness stand. It was not necessary to do so in order to identify said articles. The same were fully identified, and were examined by witnesses for the appellant. The court makes this explanation to the bill of exceptions in regard to this matter: "The court permitted defendant to have each and every article, goods mentioned in plaintiffs' petition, examined by witnesses of defendant's own selection, and permitted said witnesses to testify as to the character, kind, and condition of said articles and the market value of each of said articles." They had been in appellant's possession for 13 months, and the evident purpose of appellant was to make profert of said articles to the jury, in order that they might be induced to believe that they were not of the value claimed by appellees.

The evidence shows that appellee Hugh Hunt was not indebted to appellant at the time he seized said goods, but, on the contrary, the appellant was indebted to said Hunt.

The verdict of the jury being fully sustained by the evidence, and finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

[13] The zeal and evident good faith with which counsel for appellant have insisted in their motion for rehearing that this court erred in not sustaining appellant's assignment of error as to the exclusion of the evidence of the witness McLean, wherein he stated, "I did not in any manner undertake to compel Mrs. Hunt to give Souther the goods in question," constrains us to write this additional opinion in said case. Appellant cites in support of his contention the cases of Boddy v. Henry, 113 Iowa, 462, 85 N. W. 771, 53 L. R. A. 769, and Wimple v. Patterson, 117 S. W. 1034. These cases were actions for deceit, in which it was necessary to show, not only the falsity of the representations made, but also that defendants knew such representations to be false, and made them with intent to deceive. In this case appellees' cause of action does not rest upon the proposition that the witness McLean intended to force Mrs. Hunt to give up the goods. The intent of appellant may be considered material upon the issue of exemplary damages; but, as to the witness McLean,

the issue is not as to his intent, but as to his acts.

We do not think that appellant would have been injured by the exclusion of the answer of the witness McLean, even had it been admissible, for the reason that, if the jury believed his statement as to what occurred, they could not reasonably have concluded that it was the purpose and intent of McLean to compel Mrs. Hunt to deliver the goods. It is evident from the verdict that the jury believed Mrs. Hunt, and not McLean, as to what occurred, and we do not think that McLean's testimony would have been strengthened in the estimation of the jury by his being permitted to state what was his purpose in the transaction.

We do not think said evidence was admissible for the further reason that the word "undertake" was not used by the witness in the sense of "purpose" or "intent," but rather in the sense that he did no act calculated to effect such purpose; and, if so, the evidence sought was but the expression of an opinion by the witness, and for that reason not admissible. It is as if one should say: "I went with the purpose and intent of doing so and so, but I did not undertake to carry my purpose into effect." That the word "undertake" was used by the witness in this sense is further evidenced by the interrogatory propounded to said witness, which is as follows: "Did you in any manner undertake to compel Mrs. Hunt to deliver the property to the defendant Alta Souther? If so, state what you said and did, giving the particulars." The witness was permitted to give all the particulars.

[14] Again, if the word "undertake" was used by the witness as synonymous with "purpose," we do not think the exclusion of this answer was reversible error for the further reason that the witness was permitted to, and did, testify as to his purpose. He said: "I told Mrs. Hunt that I was an officer, but that I was not there for the purpose of forcing her to give up these goods. * * * I told her that I was not there for the purpose of using my official authority in taking the goods or to cause her to give them up. * * * I told her that she would not have to give Mr. Souther the goods unless she wanted to."

The motion for rehearing is overruled.