### BROADNAX et al. v. TREADWELL.
#### (No. 9433.)

(Court of Civil Appeals of Texas. Dallas. Oct. 31, 1925.)

**Husband and wife ⊚⇒23—Wife's sale of husband's household furniture not authorized under general power of attorney.**

Where husband was living in Arkansas, wife's sale in Texas of household furniture *held* not authorized by a general power of attorney authorizing her to sign his name to any instrument necessary in transaction of any business he might have in county.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by W. R. Broadnax and others against A. J. Treadwell. Judgment for defendant, and plaintiffs appeal. Reversed and rendered.

Ballowe & King, of Dallas, for appellants. Harper & Lewis and A. J. Harper, all of Dallas, for appellee.

LOONEY, J. This suit was by W. R. Broadnax, appellant, against A. J. Treadwell, appellee, for the recovery of certain household and kitchen furniture. Broadnax failed in the court below, and prosecutes this appeal from the adverse judgment. Appellee Treadwell purchased the household and kitchen furniture in controversy from Mrs. Leona Broadnax, wife of appellant, who, in making the sale, assumed to act for appellant under a power of attorney.

Appellant presents quite a number of questions for our consideration, but only one will be discussed; that is, the question as to the sufficiency of the power of attorney to authorize Mrs. Broadnax, as agent for her husband, to sell the personal property involved. It seems that on July 22, 1921, the date of the power of attorney, Broadnax and wife were separated, and had been for about one year, although they were not divorced. He was residing at the time in the state of Arkansas, and she in the state of Texas, but not in the city of Dallas. So far as the record shows, appellant was not at that time engaged in any business in Dallas, and the only property owned by him was a house and lot on south Akard street in Dallas, together with the household and kitchen furniture and fixtures in the building, including the property in controversy. The only business that could have been transacted for appellant by his wife, aside from the sale of the properties, consisted of the rent-ing of the furnished apartment house, the collection of a cashier's check for $1,000 from the Guaranty Bank · & Trust Company of Dallas, the payment of $602.05 owing by appellant to two furniture companies, for the ·security of which the companies held liens on the furniture in question, and such incidental matters as might arise.

In this situation appellant executed the power of attorney, and, after specifically authorizing his wife to attend to the collection of $1,000 from the Guaranty Bank & Trust Company, evidenced by its cashier's checks payable to his order, the instrument contains the following language of a general nature:

"And the said Mrs. Leona Broadnax have a (has the) right and is hereby empowered and authorized to sign my name to any instrument or instruments that become necessary in the transaction of any business that I may have in Dallas county, Tex."

—concluding with the following paragraph:

"It is my intention to empower my said wife, Mrs. Leona Broadnax, with full authority to sign my name to all kinds and character of papers and do everything necessary to be done in the transaction of any business affairs that I may have in Dallas county, Tex."

Among other propositions urged by appellant for reversal is that the court erred in refusing his request for an instructed verdict, on the ground that the power of attorney did not authorize Mrs. Broadnax to sell the personal property involved, and that under the attempted sale by her to appellee no title passed. Aside from the power of attorney, Mrs. Broadnax was not authorized to sell the property in question, and, unless the instrument clothed her with authority to sell, the sale made by her to appellee was ineffective, and passed no title. Souther v. Hunt (Tex. Civ. App.) 141 S. W. 359, 362, col. 2.

According to our construction of the power of attorney, the general expressions that authorized Mrs. Broadnax to transact any business appellant might have in Dallas county must be restrained to the transaction of such business as was reasonably required in view of property then owned by him; that is, to care for and rent the apartment house, collect rents, and pay the indebtedness owing the furniture companies, and to transact such incidental business as might arise.

It is a fundamental principle of our law that no man can be divested of property without his own consent; consequently, even a good-faith purchaser under an insufficient power could not hold against the owner. The doctrine applied by us in this case is announced in 31 Cyc. 1349, 1350, as follows:

"The acts of an agent assuming to have authority to sell his principal's personal property will not bind the principal unless he has actually given the agent such authority or held

him out to the public as clothed with it. (1349.) * * * A general power to act for the principal in his business and to manage his property conveys no implied power to sell such property, unless sales are regularly in the line of the business entrusted to the agent." (1350.)

To the same effect see 2 C. J. 592, § 229. The authorities cited in Cyc. and Corpus Juris in support of the doctrine announced have been carefully examined, and, in our opinion, support the text.

The power of attorney defines the scope and extent of the authority conferred by appellant on his wife; hence the question presented for determination is one of law for the court. The trial court, in our opinion, should have directed a verdict for appellant, and erred in refusing his request to that end.

The judgment of the trial court will therefore be reversed and here rendered for appellant. In view of the tender made by appellant of the sum of $517.95, being the amount of cash paid by appellee to Mrs. Broadnax, when the bill of sale to the property was executed, to wit, the sum of $397.-95, and the further sum of $120 paid by him on the indebtedness due to the furniture companies, judgment will be here rendered in favor of appellee against appellant for the recovery of said sum of $517.95, together with 6 per cent. interest thereon per annum from the 21st day of July, 1922. The cost of this appeal will be taxed against appellee.

Reversed and rendered.