IMPERIAL SUGAR COMPANY,
INC., Appellant,

v.

Robert L. TORRANS, Appellee.

No. 8655.

Court of Civil Appeals of Texas,
Texarkana.

Dec. 4, 1979.

Rehearing Denied Dec. 31, 1979.

Victor Hlavinka, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Charles A. Potter, Potter & Potter, Texarkana, Ark., for appellee.

HUTCHINSON, Justice.

Appellant, Imperial Sugar Company, Inc., sued appellee, Robert L. Torrans, a warehouseman, for damages resulting from the conversion of its stored sugar and W. L. Chandler, a food broker, for damages resulting from his breach of contract and fraud. Trial was to a jury and based upon jury findings the court entered judgment for Imperial against Torrans for the sum of $18,455.00. The court arrived at this amount by taking the jury's findings of the values of the converted sugar as of February 3–6, 1975 (the times that Imperial made demand upon Torrans for the redelivery of the sugar) except for the six hundred thirty-eight 100 pound bags which were released by Torrans at various times between December 20, 1973, and July 22, 1974. For these 100 pound bags, the judgment was based upon the jury's findings of market value as of the various times of the unauthorized releases. Interest on the judgment against Torrans was to run from the date of the judgment. The trial court found as a matter of law that Torrans had no fraudulent intent in any of his actions, and this finding is not here challenged. The judgment against Chandler was for $42,686.33 (the market value of all of the converted sugar as of the dates Imperial made demands upon Torrans for redelivery) with interest from the date of the judgment. Chandler did not perfect an appeal.

Imperial contends that the trial court erred in its award of damages for the loss of the six hundred thirty-eight 100 pound bags of sugar based upon the market value thereof as of the various times the bags were released to Chandler rather than the market value as of the date Imperial made demand on Torrans for the sugar. Imperial further contends the trial court erred in failing to allow pre-judgment interest from the date of the occurrence of each loss for which liability was established.

Imperial seeks to hold Torrans liable on the basis of conversion of its properties rather than upon any theory of breach of contract or negligence. This position finds ample support in our Supreme Court cases of *Central Meat Market v. Longwell's Transfer, Inc.*, 62 S.W.2d 87 (Tex.Com.App. 1933, holding approved), and *Turner v. Scobey Moving and Storage Company*, 515 S.W.2d 253 (Tex.1974). The misdelivery of the sugar constituted a conversion and the trial court was correct in assessing damages on that basis. However, Imperial complains of the trial court's failure to assess damages based upon the market value of the sugar at the time demand for redelivery was made rather than the market values at the various times the sugar was converted by misdelivery to Chandler. In so doing, Imperial does not challenge the trial court's finding that fraud was not committed by Torrans and has not contended in the trial court or here that the conversion was attended with fraud, willful wrong, or gross negligence. Therefore, the general rule set forth in *DeShazo v. Wool Growers Central Storage Co.*, 139 Tex. 143, 162 S.W.2d 401, 404 (1942), is applicable. There our Supreme Court stated:

"It is the general rule that where one person converts the property of another and appropriates it to his own use, or sells or otherwise disposes of it, the measure of damages is the value of the property converted at the time of such conversion, with legal interest. On the other hand, it is the law that where the conversion is attended with fraud, willful wrong, or

gross negligence, and the property converted is of changing or fluctuating value, the measure of damages is the highest market value of such property between the date of the conversion and the filing of the suit. . . ."

See also *Ligon v. E. F. Hutton & Company*, 428 S.W.2d 434, 439 (Tex.Civ.App. Dallas 1968, writ ref'd n. r. e.), and *Mims v. Hearon*, 248 S.W.2d 754, 758 (Tex.Civ.App. Dallas 1952, no writ).

■ Imperial does not contend that the measure of damage is other than the value of the converted property at the time of its conversion. It does contend, however, that the conversion did not occur until it made demand for the return of the sugar in February of 1975. In support of this position Imperial cites the case of *Luther Moving & Storage, Inc. v. Roberts*, 526 S.W.2d 557 (Tex.Civ.App. El Paso 1975, no writ). There, household goods were in the rightful possession of a moving company when the owner made a demand for their return and such demand was refused and the court correctly held that the conversion occurred at the time of such refusal. Here, twenty-eight separate acts of conversion occurred between December 20, 1973, and July 22, 1974, and the specific times of the conversions were proven and jury findings obtained thereon. Such conversions were complete prior to Imperial's demand of February 1975. *DeShazo v. Wool Growers Central Storage Co.*, supra, is therefore controlling and the judgment of the lower court in this respect is upheld. Restatement (Second) of Torts § 237, comment *f*.

■ As to pre-judgment interest, it has been generally held that one whose goods have been converted is entitled to interest from the date of the conversion. *DeShazo v. Wool Growers Central Storage Co.*, supra; *Reed v. White, Weld & Co., Inc.*, 571 S.W.2d 395 (Tex.Civ.App. Texarkana 1978, no writ); *Mims v. Hearon*, supra; and *Callihan v. White*, 139 S.W.2d 129 (Tex.Civ.App. Eastland 1940, no writ). Here Imperial did not by its pleadings or prayer specifically request recovery for pre-judgment interest. The prayer was for $42,001.45 (against both Torrans and Chandler) and "attorneys' fees, interest, costs and other proper relief."

The sum of $42,001.45 represented the value of the converted sugar as of January 8, 1975, and recovery against Torrans for the conversion of the six hundred thirty-eight 100 pound bags was based upon twenty-eight separate acts of conversion occurring between December 20, 1973, and July 22, 1974. At trial Imperial obtained jury findings (1) as to the value of the 100 pound bags as of the various times of the wrongful deliveries; (2) as of January 8, 1975, the date the loss was first discovered; and (3) as of February 3–6, 1975, the dates demand was made on Torrans for the return of the sugar. It is thus apparent there existed at trial a distinct controversy as to the date of the loss, and such controversy continues here. Under these circumstances, the refusal to grant pre-judgment interest was not error. *Black Lake Pipe Line Co. v. Union Const. Co.*, 538 S.W.2d 80, 96 (Tex. 1976).

■ Torrans contends that the trial court should have withdrawn from the jury the testimony of the value witness called by Imperial on the ground that the witness based his opinion as to fair market value on Imperial's unpublished price lists. The record has been examined and Torrans' points in this regard are overruled. The qualification of an expert witness and the admission of his testimony is a matter primarily within the trial court's discretion. *Classified Packing System v. Kirby*, 507 S.W.2d 586, 588 (Tex.Civ.App. Houston-14th Dist. 1974, no writ); *Texas Sanitation Co. v. Marek*, 381 S.W.2d 710, 716 (Tex.Civ.App. Corpus Christi 1964, no writ). It is true that the witness referred to the price lists in giving his testimony but he further testified that he was familiar with the fair market value of sugar at various times in the years of 1974 and 1975 in Bowie County, Texas, and that the offered exhibits correctly reflected such values as of the times shown thereon. The trial judge was correct in ruling that references to the price lists by the witness could be considered in weighing his testimony but that the references did not bar its admission.

Torrans further contends that the trial court should have granted his motion for judgment on the theory of estoppel. This

contention is based upon the jury's responses to special issues finding that Imperial induced Torrans to believe that Chandler was its agent with authority to act for it in the disposition of the stored sugar and that Imperial knew or should have known that Torrans was using improper withdrawal authorizations. In making this contention Torrans overlooks the further jury finding that he, Torrans, did not believe Chandler could authorize the removal of the sugar by means other than by the manner designated by Imperial.

The elements of equitable estoppel are: (1) a false representation or concealment of a material fact, (2) made with actual or constructive knowledge of the fact, (3) to a party without knowledge of the fact, (4) and reliance by that party to his prejudice. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 932 (1952); *The Praetorians v. Strickland*, 66 S.W.2d 686 (Tex. Com.App.1933, jdgmt. adopted); *El Paso National Bank v. Southwest Numismatic Investment Group*, 548 S.W.2d 942 (Tex.Civ. App. El Paso 1977, no writ). These four essential elements were not established by the jury responses and Torrans' estoppel plea was not established.

The judgment of the trial court is affirmed.