Lipscomb, J.
The admission of books of a merchant as evidence in support of the charges and items therein contained was a long time much contested in the courts of England and the United States, and they were at first received with much jealousy as an innovation on the rule that no person should be permitted to make testimony for himself. And many very able jurists have expressed an opinion in opposition to such evidence and entirely reject them. It is not. however, to be denied that their reception has gradually gained ground until what at first was clearly judicial legislation has obtained a pretty well-established rule for precedent, and now it"is believed that but few courts reject such evidence. The admission of such evidence is, for the most part, rested upon a supposed necessity, as many merchants and shopkeepers are not able to keep a clerk, and would not be able to prove their accounts at all if such evidence were excluded. The force of this reasoning may well be questioned, and it is faulty in this, that it is not reciprocal; that it is not extended to the debtor, and is altogether on the side of the creditor. A debtor would not be permitted to use the same facilities in proving the credits he may be entitled to, and is left pretty much to the conscience of his creditor, and it is much to be feared (hat the admissibility of such evidence has been productive of a great deal of fraud. Jurists seem to have been sensible of the danger, and it is now universally received under the most stringent limitation to the account for such articles as are usually sold by a merchant in the course of his business, and never, as we are aware of, been extended to any other objects, and it is much to be wished that it never should.
In this case the presiding judge seems to have thought himself to enlarge the rule by going one step furl her, and permitted the íooksof a merchant to be proof of moneyed items for a loan or advance. If this extension should be sanctioned, it would be difficult to set bounds and say what could not be embraced in the merchant’s books. Money is not an article of merchandise or traffic, and a sale of a horse or a slave of course would be permitted to be sustained by such evidence with a great deal more propriety than a loan of money under the name of merchandise, although the sale of either would be very foreign to the course of business of a dry-goods or grocery merchant. We admitted the rule with some reluctance in Parrott v. Underwood, so far as it related to the sale of goods in the usnal course of a merchant’s business, but will not tolerate its further extension. Because therefore that the court below permitted the books of the merchant to go to the jury as evidence of money loaned, the judgment is reversed and the cause remanded.
Reversed and remanded.