## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. A & S. LEVY.

Decided February 25, 1907.

### 1.—Injury to Personal Property—Measure of Damage.

In a suit for damage to a wagon by collision with a railroad train the plaintiff testified as follows: "The wagon was as good as new, and I paid $130 for it when new. I did not consider the wagon of any further value to me and consequently made a claim for it, the amount I paid." Other testimony showed that it cost $40 to repair the wagon after the injury. To the testimony of the plaintiff the defendant objected on the ground that it did not tend to prove the measure of plaintiff's damage. Held, the objection should have been sustained.

### 2.—Same.

In the absence of evidence showing that property injured by the negligence of another has no market value, the measure of damage is founded upon the principle of fair compensation for the pecuniary loss sustained, and this should be shown by the difference between the market value of the property before and after the injury, or the necessary cost of repairing the injury.

### 3.—Declaration of Agent—Authority.

In a suit for damage to a wagon by a railroad train the defense of contributory negligence having been plead by defendant it was error to permit the plaintiff to prove a statement of defendant's agent made immediately after the accident, to the effect that the defendant would take charge of the wagon and that everything would be fixed up all right, in the absence of evidence that the agent had authority to bind the defendant by such admission of liability.

Appeal from the County Court of Victoria County. Tried below before Hon. Ben W. Fly.

*Baker, Botts, Parker & Garwood* and *Proctors, Vandenberge & Crain,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellees against appellant to recover the value of a delivery wagon belonging to plaintiffs alleged to have been negligently destroyed by defendant, and damages to a horse and harness belonging to plaintiffs, which damage is also charged to have been caused by defendant's negligence. The defendant answered by general exception and general denial and by special plea of contributory negligence on the part of the person in charge of said property at the time it was injured in driving across defendant's track in front of an approaching train. A trial by jury in the court below resulted in a verdict and judgment in favor of plaintiff in the sum of $109.

The evidence shows that plaintiffs' wagon and horse were struck by a train on defendant's road at a crossing of said railway in the city of Victoria. The wagon and harness were broken and badly damaged and the horse injured.

The evidence introduced by the defendant shows that the cost of repairing the injury to the wagon would not exceed $40. There was no evidence as to what was the market value of the wagon either before or after its injury, and no evidence showing that it had no market value at the time. The only evidence adduced by the plaintiffs on

this issue of the amount of damage sustained by them by reason of the injury to the wagon was the following testimony of plaintiff, Simon Levy: "The wagon was as good as new, and I paid $130 for it when new. I did not consider the wagon of any further value to me and consequently made a claim for it, the amount I paid." This testimony was admitted over the objection of defendant that it was irrelevant and did not tend to prove the measure of plaintiffs' damage. The trial court erred in overruling this objection and admitting the testimony, and the assignment complaining of this ruling must be sustained.

The general rule for the measure of damage in cases of this character is the difference between the market value of the property before and after it was injured, with interest from the date of the injury. Where it appears that property which has no market value has been destroyed by the negligence of the defendant its intrinsic value may be shown by the plaintiff on the issue of the measure of his damage, and under some circumstances its original cost might be considered in arriving at its value, but in the absence of evidence showing that the property had no market value at the time it was destroyed, testimony as to its original cost is not admissible. In the instant case the undisputed evidence shows that the property was not destroyed, and the measure of general damage which, in all cases in which exemplary damages are not allowed, is founded upon the principle of fair compensation for the pecuniary loss sustained, would be either the difference between the market value of the property before and after the injury, or the necessary cost of repairing the injury, and testimony as to the original cost of the property is irrelevant and inadmissible.

The seventh assignment of error presented in appellant's brief is as follows:

"The court erred in admitting in evidence the testimony of Simon Levy, one of the plaintiffs, as follows: 'While I was at the scene of the accident B. M. Smith, an agent for the railway company came to me and told me that the railway would take charge of the horse and wagon and that everything would be fixed up all right,' over the defendant's objection that there was no testimony in this cause showing that the said B. M. Smith had any authority to bind the railway company to take charge of the horse and wagon, and that without a showing of such authority no statement made by B. M. Smith could be binding upon the defendant in this cause and that in the absence of such showing any statement made by Smith at the time of the accident was hearsay and inadmissible; as shown by defendant's bill of exception number thirteen."

This assignment must also be sustained. The issue of contributory negligence on the part of plaintiffs' employe who was driving the horse at the time of the accident was raised by the pleading and evidence, and the statement of the agent Smith that the defendant would take charge of the injured property and make everything all right was doubtless regarded by the jury as an admission by said agent that he considered the defendant liable for the damages to the property. Such admission was not admissible against the defendant unless made by an *alter ego* of the company, or by an agent having

authority to bind the company by such admission. There was no evidence tending to show such authority in the agent Smith. Missouri Pac. Ry. Co. v. Sherwood, 84 Texas, 125; City of Austin v. Forbis, 89 S. W. Rep., 406.

What has been said disposes of all the material questions presented in appellant's brief.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*