## DUNMAN v. SOUTH TEXAS LUMBER CO.
### (No. 6571.) *

(Court of Civil Appeals of Texas. Austin. April 4, 1923. Rehearing Denied May 2, 1923.)

**1. Pleading ⊂⇒359—Plea based on anti-profiteering statute held without merit and properly stricken.**

In action on a verified account for lumber and material sold, an answer based on Lever Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115⅛e et seq.), which has been held unconstitutional, was without merit and properly stricken.

**2. Appeal and error ⊂⇒1069(2)—Trial ⊂⇒307 (2)—Permitting jury to take verified account with them on retirement held not error.**

Where the verified account in an action for lumber sold was a part of the petition there was no error in permitting the jury to take it with them in their retirement; Vernon's Sayles' Ann. Civ. St. 1914, art. 1957, providing that the jury may take the pleadings with them in retirement, and the fact that a denial under oath had been filed which rendered the verification portion of the account a nullity, and the court permitted the whole account to go to the jury without pasting over the verification was not cause for reversal, no prejudice being shown.

**3. Trial ⊂⇒307(1)—Taking of prohibited papers by jury on retirement held not misconduct in absence of showing of consideration thereof.**

The mere fact that a jury takes on retirement something they should not in the way of papers or evidence is not misconduct on their part in absence of a showing that they read and considered the same in arriving at a verdict.

**4. Trial ⊂⇒232(2)—Statement of court as to nature of action held authorized.**

In action on verified account for lumber submitted on special issues it was not improper for the court to state that the suit was brought for the purchase price of lumber for construction of certain houses for a named sum, and that defendant had made payment thereon and plaintiff claimed balance as shown by the account offered in evidence.

**5. Witnesses ⊂⇒330(1)—Cross-examination as to cost of items not permissible to affect weight of testimony.**

In action on account for lumber, where pleadings and evidence showed that recovery was asked for the reasonable market value of the lumber, there was no error in refusing to permit defendant to interrogate plaintiff's witnesses as to the cost of the various items of the account, freight charges thereon, storage

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 6, 1923.

and handling charges, etc., to determine the profits made and to test correctness of witness' statement as to each item, as affecting weight of his evidence.

**6. Account, action on ⊙⟹15—Evidence of reasonable value of items of account for lumber held for jury.**

In action on verified account for lumber sold evidence of the manager of plaintiff lumber company, experienced in the lumber business and familiar with the items shown on the account, that the prices charged were the reasonable, customary, and fair market value at the time they were sold *held* sufficient to submit to the jury the question of amount due and market value.

**7. Account, action on ⊙⟹14—Proof held to sustain action for reasonable market value of lumber sold.**

In action for lumber sold where one count of the petition was for a recovery on agreement to pay the specified price charged and the other for a recovery of the reasonable market value at the time of the sale, and alleging that the prices charged were the reasonable market value thereof, the second count was sustained by proof of reasonable market value.

**8. Evidence ⊙⟹471(2)—Evidence of manager as to various items of lumber sold held not opinion and conclusion.**

In action for lumber sold where plaintiff's manager stated that he had been such manager for years, was familiar with the business, personally delivered much of the lumber and material that went into defendant's house constructed on the lot next to the lumber yard, that he was familiar with the bookkeeping methods, and could testify from his own knowledge that the lumber was delivered on dates as shown in the account, his evidence that the items of the account went into defendant's house was not an opinion nor conclusion.

**9. Evidence ⊙⟹377—Manager of lumber company held competent to identify tickets from which books and account sued on were made.**

In action on verified account for lumber sold, after evidence by the manager of plaintiff lumber yard, that he was experienced in the business, familiar with duties of employees and with correctness of their work, knew how items of account were had, that he made some of the entries himself and knew that they were correct, it was not error to permit him to identify yard tickets from which the journal, and then the account sued on, was made, and to introduce such ticket in evidence on such identity.

**10. Evidence ⊙⟹471(2)—Permitting examination of defendant as plaintiff's witness as to items of account not received by him held proper.**

In action on verified account for lumber sold permitting plaintiff to put defendant on the stand and, after asking him to examine the account sued on, to ask him to point out any items which he had not received was not error as against objections that it called for negative conclusions, and was not the way to prove delivery.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by South Texas Lumber Company against R. L. Dunman. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker & Weatherred and Snodgrass & Dibrell, all of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, J. This is an appeal from a judgment rendered against appellant, in favor of appellee, upon a suit on a verified account.

Appellee, the South Texas Lumber Company, a private corporation, sued appellant, R. L. Dunman, in the district court of Coleman county, Tex., upon a verified account for lumber and material sold appellant with which to build a house, between April 6, 1920, and September 6, 1920, claiming a balance due of $1,862.40.

Appellant answered by general demurrer, special exceptions, general denial, and special answer under oath, denying the account as just and true in whole; and that the price of each item of the account was unjust, unfair, excessive, and unreasonable, and in violation of the statutes of the United States, being the Lever Act, commonly known as the anti-profiteering statute (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115⅛e et seq.), and the proclamation of the President of the United States issued by virtue of said statute. To this profiteering plea appellee addressed a special exception, and asked that it be stricken out, which was sustained by the court; and the appellant excepted.

The case was submitted to a jury upon special issues; and, based upon their findings in favor of appellee, the court rendered judgment for the sum of $1,862.40 for appellee, and against appellant.

Appellant's motion for a new trial was overruled; to which action of the court he excepted, and here now presents his case for our determination upon the record.

The facts show that between the 6th of April, 1920, and the 6th of September, 1920, appellee furnished lumber and material, in the sum of $3,567.70, to appellant, with which to erect two houses in Coleman, Tex.; that all of said account has been paid except the $1,862.40 account herein sued upon. The jury found this amount to be due appellee upon its account, and we find their verdict is supported by the testimony.

[1] By his first proposition appellant complains of the action of the trial court in sustaining appellee's exception to his said anti-profiteering answer, in striking same from his pleading. This statute has been held unconstitutional by both the state and the federal courts, and the plea is without merit. United States v. Cohen Grocery Co., 255 U.

S. 81, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; W. H. Goff v. Lamborn & Co. (C. C. A.) 281 Fed. 613; Pharr & Son v. Kenny (C. C. A.) 272 Fed. 37.

[2, 3] We do not sustain appellant's second assignment, wherein he complains that the trial court erred in permitting the jury to take with them, in their retirement, the verified account sued upon. The account was a part of the petition, and article 1957 provides that the jury may take with them, in their retirement, the pleadings of the parties. Appellant's contention, that since he had filed a a denial under oath of the verified account sued upon it thereby became a nullity in so far as its proof of the account was concerned, is correct. But only the verification portion of the account becomes a nullity in so far as it relates to the proof. The trial court should have pasted over the verification portion of the account, or torn that portion of it off, if it had been introduced in evidence, which it was not; but it does not follow that a failure to do so, in the absence of proof of any injury whatever to appellant by reason of its going with the jury in their retirement, will reverse the case. Appellant made no proof that the jury even read the verification attached to the account while deliberating on the case; nor did he make any proof that any juror was influenced in the least thereby in arriving at a verdict in this case. The mere fact that a jury may take in retirement something they should not take, in the way of papers or evidence, is not misconduct on their part, in absence of a showing that they had read and considered the same in arriving at a verdict in the case. We overrule the assignment, as the authorities cited by appellant in his supplemental brief do not sustain him in the state of the record as presented to us in this case. Authorities: Article 1957, Vernon's Sayles' Civil Statutes 1914; T. & N. O. Ry. Co. v. Turner (Tex. Civ. App.) 182 S. W. 357; City of Ft. Worth v. Young et al (Tex. Civ. App.) 185 S. W. 983; Trinity & Brazos Ry. v. Lunsford (Tex. Civ. App.) 183 S. W. 112; West v. Houston Oil Co., etc., 56 Tex. Civ. App. 341, 120 S. W. 228.

[4] Appellant's third assignment is not sustained. The court in the preliminary statement to the jury used the following language:

"This is a suit brought by the South Texas Lumber Company, plaintiff, against R. L. Dunman, defendant, alleging that the defendant was indebted to plaintiff for the purchase of lumber and material for the construction of certain houses in the town of Coleman, in the sum of $3,567.70; and that the defendant has paid upon said account the sum of $1,705.-30, claiming a balance of $1,862.40, as shown by the account offered in evidence in this case."

Appellant attacks the above statement by the court in his charge, as being unauthorized and misleading, and calculated to prej-

udice, and as being improper for a court to state the nature or character of pleadings, or cite a part of the evidence in a charge on special issues. We are unable to agree to the proposition that the statement made by the trial court above as to what plaintiff was claiming to be due him was improper or prejudicial, but, to the contrary, we think it proper for the court to do so, either in a general or special charge, in order to direct the jury's attention to the specific matters sought to be determined.

[5] Appellant's fourth assignment that the court erred in refusing to permit him to interrogate appellee's witness W. G. Taylor as to the cost of the various items of the account sued upon, the freight charges thereon, the storage and handling charges, etc., in order that it might determine the profits made, and to test the correctness of the witness' statement as to each of said items as affecting the weight of his testimony, is without merit in this case. The court, upon the exception of appellee, struck from the defendant's answer the profiteering claim, and properly so; and the pleadings and the evidence showed that appellee sought to recover the reasonable market value of the goods sold, and the only way for appellant to have rebutted the same was to have shown a different market value of the same at Coleman, Tex. We are of the opinion that the inquiry sought would have proven only the intrinsic value of the various items of the account herein sued upon, which is not permissible unless it is first shown that there was no reasonable market value for the various items at the place sold. We do not think it permissible where the issue in the suit is the recovery of the reasonable market value of property to permit proof of its actual cost for the purpose of trying to impeach the witness, or to test his knowledge of the correctness of his statements of the market value, as affecting the weight to be given his testimony. To permit such would, as contended by appellee, allow courts and juries, and especially juries, to determine what profits could be charged between parties to a contract for goods sold. Lincoln v. Packard, 25 Tex. Civ. App. 22, 60 S. W. 682; G. H. & S. A. Ry. Co. v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195; Tex. Ry. Co. v. Dishman, 41 Tex. Civ. App. 250, 91 S. W. 828; H. & T. C. Ry. Co. v. Red Cross Farm, 22 Tex. Civ. App. 114, 53 S. W. 834.

[6] We do not sustain appellant's fifth assignment wherein he complains that the court erred in failing to give his peremptory instruction to the jury to find for him, alleging as his ground for such instruction that there was no proof of an agreement to pay the prices charged as set forth in the account, and that no market value of the goods so sold was shown. In this we think that counsel either overlooked the testimony of W. G. Taylor, or it may be that he does not

consider it as sufficient testimony to prove market value. On page 18 of the statement of facts, W. G. Taylor testified as follows:

"The prices charged for the various items which I have called off were the reasonable, customary, and fair market value of those articles at the time they were sold."

We are of the opinion that where the manager of a lumber company, who has been engaged in the lumber business for many years and is familiar with the items shown on the account attached to the pleadings in the case, and the proof shows that such items were furnished the defendant in the suit, and were delivered at the time and on the date shown in the account, and that the prices charged for the various items which constituted the account sued upon were the reasonable, customary, and fair market value of those articles at the time they were so sold, and that such itemized account was made by said manager from various sales tickets or yard tickets, made by employees in the regular course of their business, and from experience such employees' work had been found to be correct, and that the journal made therefrom was either made by the manager or an employee at the time the sales were made, in due course of business, and that said general manager had checked the account sued upon and found it to tally with and compare exactly with the items on the journal, is sufficient proof of such account and of its reasonable market value at the time the various items were sold, to entitle plaintiff to have the question of the amount due, and the market value of the same, submitted to the jury; and their verdict based upon such testimony will not be disturbed on appeal.

[7] Appellant's assignment No. 6, complaining of the action of the trial court in refusing to peremptorily instruct the jury to return a verdict in his behalf, upon the ground that the petition in the suit based the cause of action upon an account sold at the special instance and request of the defendant, and at an agreed price for each article or item charged therein, was not sustained by proof of the reasonable market value of the items of the account sued upon. We do not think this contention correct, since we are of the opinion that the petition contained two counts, one for a recovery upon an agreement to pay the specific prices charged, and the other for a recovery for the reasonable market value of the items of the account at the time of the sale, and alleging that the various prices charged was the reasonable market value thereof at the time of their sale and delivery. We are, therefore, of the opinion that said objection is not well taken, since the proof sustains the latter count of plaintiff's petition.

[8] Appellant's seventh assignment, wherein he complains of the action of the trial court in admitting the testimony of W. G. Taylor, wherein he states that the various items shown by the account sued upon were delivered to appellant, as being an opinion and conclusion of the witness, is without merit. Taylor testified: "It (meaning the items of the account) went to that house (meaning appellant's house)." The witness Taylor was manager of the lumber company, and testified that he had been such manager for many years, and was familiar with the business and its various transactions, and that he personally delivered much of the lumber and material that went into appellant's houses, which were being constructed on the lot next to the lumber yard, and that he was familiar with the manner in which the books of the company were kept and the various charge items in the due course of business, and could testify from his own personal knowledge that said lumber and material were delivered on the dates as shown in the account, and at the time; hence we do not think the assignment is well taken. Besides, appellant testified that he did not know of any item on the account sued upon that was not delivered to him.

[9] By his eighth assignment appellant complains of the action of the trial court in permitting the witness Taylor to testify as to the yard tickets not made by him, and to the introduction in evidence of such yard tickets upon such testimony. We are of the opinion that where it appears that the manager of a lumber concern was from long experience familiar with the business and its general conduct, and to the general prices charged for the various materials and lumbers sold by it, that he was also familiar with the duties of the employees, and, by experience, with the correctness of an employee's work, and was familiar with the course of dealings in such business, as to how items of account were charged from the yard tickets to the journal, and that he made some of the entries on the journal, and that other employees of the company made some of the entries on the journal, and that the entries were correct, it is not error for him to identify the ticket from which the journal and then the account sued upon was made, and to introduce such ticket in evidence upon such identity. The testimony in this case shows the above facts and the assignment is not well taken. Scruggs v. Woodley Co. (Tex. Civ. App.) 179 S. W. 897. There are many other authorities which sustain this proposition, and we do not deem it necessary to cite them.

[10] By assignment No. 9, appellant complains of the action of appellee in putting him on the witness stand, and after asking him to examine the account sued upon, which he stated he had examined and was familiar with, then asking him to point out any item on said account which he had not received, as being in the nature of negative conclu-

sions. He also complains that it was not a proper way to prove delivery of articles of merchandise. We think this and the further contention that it was prejudicial are without merit, since its only effect was to determine if there were any items that he could identify from the account as not having received; and for the further reason because his defense that the prices charged were unfair and unjust would become immaterial if it were shown that he did not know the particular kind of lumber and material which was delivered at his place to be used in his houses.

We will not discuss appellant's tenth and eleventh propositions as affecting the sufficiency of the evidence to support the verdict of the jury, and to the excessiveness of the verdict, for the reason that we have disposed of the same under assignments Nos. 5 and 6 herein.

Neither do we deem it necessary to further consider assignment No. 12, as it was disposed of under assignment No. 8 herein. Said assignment No. 12 complains of the trial court's action in permitting the witness Taylor to testify as to the contents of tickets made by an employee by the name of Fowler.

We are of the opinion that there is no error in the judgment, and it is, therefore, affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant raises no new matters in his motion for rehearing, except as to our failure to sustain his second assignment, which relates to the question of the jury taking with them in their retirement the sworn account sued upon and attached to appellee's petition. This was not error. The sworn account was part of the petition relied on in this case. Its verification made it prima facie evidence of appellee's cause of action. The denial under oath of the account did not affect the pleadings, but merely placed the burden upon appellee of proving its claim. No objection was made to it as a part of the pleadings. It was not introduced in evidence as a written document or written evidence. No part of it was excluded by the trial judge. The verification portion of the account is not documentary evidence of the account itself, but by such verification it merely relieves the pleader of the necessity of making formal proof of the account. Appellee swore to the account in question and made proof that it was as set forth in the petition. The verified account was a portion of the petition in this case, and as such was entitled to be taken by the jury in their retirement, under article 1957.

That portion of our opinion relating to this question, wherein we stated that the trial court should have pasted over the verification portion of the account, or torn it off, is not really necessary to a decision in this case. However, as corrected, it will be permitted to stand as a part of our opinion.

The motion for new trial is overruled.

Motion overruled.