## SCHMOKER v. FRENCH. (No. 2997.)

Court of Civil Appeals of Texas. Amarillo.
May 16, 1928.

1. Automobiles ☞240(2)—Defendant, sued for damages arising from automobile collision, could prove unavoidable accident under general denial.

In action to recover damages arising out of automobile collision, defendant was entitled to prove an unavoidable accident under general denial.

2. Trial ☞356(7)—Failure to require jury to answer issue whether automobile collision was unavoidable accident held error under evidence which might have sustained finding though jury found defendant's negligence proximately caused injury.

Where there was evidence on which jury might have found that damages from automobile collision resulted from unavoidable accident, court erred in not requiring jury to answer issue whether collision resulted from unavoidable accident, though jury found that defendant was guilty of negligence proximately causing injury to plaintiff's car.

3. Appeal and error ☞742(2)—Propositions urging unrelated principles of law, being duplicitous, cannot be considered on appeal (Court of Civil Appeals Rule 31).

Propositions urging separate, unrelated propositions of law, being duplicitous, violate Court of Civil Appeals Rule 31, and cannot be considered on appeal.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
7 S.W. (2d)—12

**4. Damages ☞113—Difference between market value of automobile immediately before and after collision is general but not exclusive rule of damages.**

Rule that measure of damages to automobile is difference between market value of automobile immediately before and immediately after collision is general rule for estimating damages, but not exclusive rule.

**5. Damages ☞113—Damages to personalty which may be restored to original condition is reasonable cost of repairs plus value of use during repair and difference in value before injury and after repair, if any.**

Where personal property which has been injured may be restored to original condition, measure of damages is reasonable cost of replacements and repairs, together with value of use of article during time required to effect restoration, and, if injured article, after being repaired, is worth less than before injury, difference in value may also be recovered.

**6. Evidence ☞113(8)—Original cost of injured personalty may be proven to determine value when there is no testimony that it had no market value.**

Original cost of personal property which has been damaged may be proven in effort to arrive at its value, when no testimony has been introduced showing that it had no market value.

**7. Evidence ☞113(8)—Original cost of damaged secondhand automobile and physical condition before and after injuries are admissible on issue of damages.**

In action for damages to automobile used for several months, and thus becoming secondhand vehicle, cost of property originally in market, together with its physical condition before and after injuries, are facts which are generally admissible in evidence on issue of damages.

**8. Appeal and error ☞1050(2)—Admission of immaterial evidence of original cost of damaged automobile and sale price held not injurious, where jury considered only repairs.**

Where plaintiff did not seek to recover difference between market value of automobile before and after injury, and did not sue for loss of use of car during repair, admission of evidence of original cost of automobile and what plaintiff finally sold it for, though immaterial, was not injurious, since jury, in awarding damages, considered only cost of repair, and since recovery in county court was less than recovery in justice court showing jury was not influenced thereby.

Appeal from Wilbarger County Court; J. V. Townsend, Judge.

Suit by J. K. French against Ernest Schmoker. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Killough & Dotson, of Vernon, for appellant.

M. G. Poteet, of Vernon, for appellee.

HALL, C. J. This suit was filed by the appellee French against the appellant in the justice court of Wilbarger county, to recover damages in the sum of $190 alleged to have resulted to appellee by reason of the collision between automobiles driven by the respective parties.

Appellee alleged that he was driving east along the Vernon and Crowell highway at a moderate rate of speed when the appellant drove into the highway from the south side at an excessive rate of speed in a negligent manner, and damaged appellee's car in the sum mentioned.

Appellant answered by general demurrer and general denial, and alleged that the damages were the direct and proximate result of plaintiff's own negligence in driving his car at an unlawful and dangerous rate of speed, and, by cross-action, sought to recover $100 damages against the appellee.

Appellee recovered judgment in the justice court in the sum of $150. Upon appeal to the county court, he again recovered, the amount of his damages being assessed at only $95. Judgment was entered accordingly.

The first proposition urged by the appellant is that the court could not legally render a judgment based upon the verdict of the jury, for the reason that the jury failed to answer the following material issue: "Was, or not, the collision a result of an unavoidable accident?"

The jury failed to answer this issue, but did find, in response to other issues, that Schmoker was guilty of negligence in driving on the highway, at the time and place of the wreck, in the manner in which he drove upon it, and that such negligence was the proximate cause of the injury to plaintiff's car.

In the original opinion, we held that, the jury having found as above stated, the effect of such finding was that the collision was not the result of an unavoidable accident, and that the answer to the issue inquiring whether the injury resulted from an unavoidable accident was comprehended in their two findings above stated.

[1, 2] Upon reconsideration of the case, we are convinced that we erred in so holding. Schmoker was entitled to prove an unavoidable accident under a general denial (Suttle v. Texas Electric Ry. Co. (Tex. Civ. App.) 272 S. W. 256); and, since there was evidence upon which the jury might have found that the damages resulted from an unavoidable accident, the court erred in not requiring the jury to answer that issue and in rendering a judgment upon the verdict which failed to answer it. Colorado & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908. We therefore sustain this contention, and the original opinion is withdrawn.

[3] The third and fourth propositions each urge two separate, unrelated propositions of law. Being duplicitous, they violate the re-

quirements of Court of Civil Appeals Rule 31, and, therefore, cannot be considered.

It is next contended (1) that there was no evidence to raise the first special issue submitted by the court; (2) that the jury's answer to said issue was against the great weight and preponderance of the evidence; (3) that there was no evidence authorizing the court to submit the second special issue; (4) that the answer of the jury to special issue No. 8, inquiring whether or not French failed to exercise ordinary care in driving his car, was against the great weight of the evidence. The evidence is conflicting upon these issues, but there is sufficient testimony to have required the court to submit the issues and to support the findings of the jury in response thereto.

[4, 5] Under propositions 9 and 10, it is insisted that the measure of damages, if any, was the difference between the market value of the appellee's car immediately before, and immediately after, the collision. It may be admitted that this is the general rule by which damages to personal property are usually estimated, but it is not the exclusive rule. Where personal property, which has been injured, may be restored to its original condition, the measure of damages is the reasonable cost of replacements and repairs, together with the value of the use of the article during the time required to effect a restoration. Then, after the injured article has been repaired, if it is worth less than it was before the injury, this difference in value may also be recovered. Chicago, R. I. & G. Ry. v. Zumwalt (Tex. Civ. App.) 226 S. W. 1080; Id. (Tex. Com. App.) 239 S. W. 913; Texas Power & Light Co. v. Hale (Tex. Civ. App.) 276 S. W. 746 (approved upon this point by the Commission of Appeals in 283 S. W. 495); 2 Blashfield's Cyc. Auto Law, pp. 2005–2007; Cooper v. Knight (Tex. Civ. App.) 147 S. W. 349.

[6, 7] The next contention is that the court erred in permitting French to testify what he paid for the car and what he finally sold it for. The original cost of personal property which has been damaged may be proven in an effort to arrive at its value, when no testimony has been introduced, showing that it had no market value. The car had been used for several months, and had, therefore, become a secondhand vehicle, and, in an action for injuries to secondhand personal property, the cost of the property originally in the market, together with its physical condition before and after the injuries, are facts which are generally admissible in evidence. Galveston, H. & S. A. Ry. v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195; Galveston, H. & S. A. Ry. v. Wallraven (Tex. Civ. App.) 160 S. W. 116.

[8] The appellee did not seek to recover the difference between the market value of the car immediately before and immediately after the injury, nor did he sue for the loss of the use of the car during the time it was being repaired. If it would be admitted that this testimony was wholly immaterial, no injury is shown, since, in awarding damages, the jury considered only the item of the cost to appellee of having the car repaired. The testimony, therefore, if inadmissible, which we do not concede, is upon an issue not made by the pleadings, and, since the recovery in the county court is $55 less than the amount recovered in the justice court, it is clear that the jury was not influenced by the testimony. Galveston, H. & S. A. Ry. Co. v. Williams (Tex. Civ. App.) 25 S. W. 1019.

For the error pointed out, the judgment is reversed, and the cause remanded.