**J. N. PHARR & SONS, Limited, v. COMMIS-
SIONER OF INTERNAL REVENUE.**

No. 6273.

Circuit Court of Appeals, Fifth Circuit.

March 19, 1932.

Emile Godchaux and I. R. Saal, both of New Orleans, La., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and S. Dee Hanson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau Internal Revenue, and Percy S. Crewe, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and HUTCH-ESON, Circuit Judges.

BRYAN, Circuit Judge.

In September and October 1919, petitioner entered into several contracts to sell over a million pounds of sugar at 11.76 and 12 cents per pound. In November the Food Administration authorized a maximum price of 18 cents per pound. Petitioner thereupon breached its contract and sold the sugar at 18 cents per pound, and each of the purchasers sued for damages for breach of contract. In 1920 judgment was recovered in one of these suits; the damages being placed at 4 cents per pound, and that judgment was affirmed by this court in 1921. J. N. Pharr & Sons v. C. D. Kenny Co., 272 F. 37. The other suits were settled by compromise agreements, some in 1924 and the others in 1927 on the basis also of 4 cents per pound as the measure of damages.

The Board of Tax Appeals held that the amounts represented by the claims of purchasers could not be deducted in computing income for 1919. 21 B. T. A. 245. We think its decision was correct. As was stated in the brief of respondent, the liability of petitioner was dependent upon the outcome of future litigation and negotiations for compromise settlements, and was therefore contingent. In the case that was litigated, petitioner contended that, as a regulation of the Food Administration purported to limit profits to 1 cent per pound at wholesale and 2 cents per pound as retail, the plaintiff could not recover more; and so it appears that the basis of damages was not conceded, but was in dispute. J. N. Pharr & Sons v. C. D. Kenny Co., supra. Under a regulation of the Treasury Department, an amount paid pursuant to a judgment is deductible when the claim is put in judgment or paid. That is a reasonable regulation, as it tends to make income tax returns reasonably certain and definite. We think the question involved is settled adversely to petitioner by Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538. See, also, Commissioner v. Southeastern Express Co., 56 F.(2d) 600,

The petition for review is denied.