## SCHWARTZ v. UNITED STATES.
### No. 7994.

Circuit Court of Appeals, Fifth Circuit.
July 2, 1936.

Vincent C. Giblin and Fred Pine, both of Miami, Fla., for appellant.

W. Sanders Gramling, Asst. U. S. Atty., and Harry G. Taylor, Sp. Atty. Bureau of Internal Revenue and Sp. Asst. U. S. Atty., both of Miami, Fla., for the United States.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Louis J. Schwartz was indicted for that in 1932 he had a named net income on which he owed a tax, part of which was due to be paid March 15, 1933, on filing his tax return, but that he willfully and feloniously and to evade the tax failed to make any tax return; and in a second count that during 1932 he had a gross income of over $5,000, but on March 15, 1933, and thereafter he willfully failed to make any return. The jury found him guilty on both counts. His sentence requires both counts to sustain it.

The evidence shows that during 1932 Schwartz was a partner interested one-half, and apparently the managing partner, in a bail bonding agency in Miami, Fla. It is not disputed that the gross premiums earned were $37,472.50, and that of that sum $13,115.38 was due to and probably paid to a superagency in New Jersey, leaving an apparent gross income of $24,357.12 for the firm. There is a contention that perhaps five to seven thousand dollars of the premiums were not collected. Office and operating expenses are claimed of $2,004. Schwartz's partnership under his contract with the superagency was bound to indemnify the superagency against all losses, demands, liability, and expenses of whatsoever kind or nature sustained or incurred by reason or in consequence of the execution of any of the bail bonds, and the superagency was in like manner bound to the Public Indemnity Company, a corporation of New Jersey, which executed the bail bonds. During 1932, as figured in appellant's brief, judgments were entered on forfeitures of such bonds amounting to $9,652.35. Forfeitures which had not gone to judgment were further had in 1932 amounting to $27,850. There is no evidence that any one during 1932 paid any of these, or that Schwartz's partnership was called on to pay any of them at any time. The Public Indemnity Company failed in 1933. Schwartz, a married man without children, had no income except that from his partnership, and no individual deductions were claimed. His taxable income therefore depended wholly on the net income of his partnership, his half of which was under law taxable to him whether distributed to him or not. The partnership was not on a fiscal-year basis, and the records were so incomplete as not clearly to show its income on either a cash or accrual basis, being hardly more than current bond memoranda and checks. No tax returns appear to have been attempted by anyone. In the summer of 1933 after an investigation the Commissioner made assessments to which protests were filed in which Schwartz mainly claimed deductions for uncollected premiums and expenses, not setting up bond losses, as if accounting on a cash basis.

The taxes finally assessed were not paid. In the trial he claimed an accrual basis of accounting in order to bring in the losses by forfeitures of the bonds. The court allowed in evidence the forfeitures reduced to judgment in 1932, but excluded those which had not gone beyond preliminary estreat. This ruling is excepted to.

Schwartz's partnership was not directly liable on any bond. The bonding company could call on the superagency to indemnify it and the superagency could in turn call on Schwartz. We assume as the trial court did that the indemnity agreements were not only against loss by payment, but also against liability. We had occasion to examine the difference recently in Michel v. American Fire & Casualty Co., 82 F.(2d) 583. We there said: "If the indemnity promised is against liability, the incurring of the liability, or, if disputed, the rendition of a judgment upon it, will entitle the indemnitee to enforce his indemnity." Some of these bonds were for bail in the United States courts and some in the Florida state courts. In neither jurisdiction does the mere failure of the principal to appear establish any final liability against the surety. In Florida (Comp.Gen.Laws of 1927, § 8351 and following), the judge issues a certificate of the facts, and a suit or a scire facias against the surety follows. By section 8356 the surety may defend by making excuse for the failure of the principal to appear, to be judged of by the court, and only after trial is a final judgment entered. In the United States courts sureties are likewise proceeded against and may make defenses which exist as of right, and in addition even after final judgment may often get the penalty remitted in whole or in part under the provisions of 18 U.S.C.A. § 601. A number of the judgments in this case were thus greatly reduced during 1932. No call for indemnity was ever made on Schwartz on a preliminary estreat, so as to indicate that the bonding company and the superagency acknowledged the liability as absolute; and we do not think it can be said that any certain liability of his firm was thus created such as could be called a loss for income tax purposes even on an accrual basis of accounting. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010; Pharr & Sons v. Commissioner (C.C.A.) 56 F.(2d) 832. We think the judge correctly excluded from consideration as losses accruing in 1932 estreatures of bonds which had not been paid, nor gone to judgment, nor been acknowledged as liabilities by demand on Schwartz for indemnity. He made no claim that he believed in 1932 that they were deductible and had in good faith made no return in that belief, but, on the contrary, testified that he did not then know that they were deductible.

With the mere estreats thus eliminated, the evidence shows that it is immaterial whether a cash or an accrual basis of accounting be followed, for on the former basis while uncollected premiums will be eliminated from income the judgments on bonds cannot be deducted, since none were paid; while on the latter basis the premiums earned must be considered income, though not collected while the judgments are deductible. Whichever way it is figured, the partnership had a net income of from twelve to fourteen thousand dollars, and Schwartz's half was six to seven thousand dollars. He owed a return and he owed a tax. There remained only the question of his willfulness in failing to make a return, and his fraudulent intent with reference to the tax. He claimed no error or misfortune or forgetfulness. He made no claim that he believed in good faith that the bond estreatures were deductible. The idea that they were was first advanced at the trial. His contention was that the firm had no net income which would make him owe a tax, and that was not true.

The court's charge is subject to criticism, and some of the refused requests to charge might well have been given. The failure to give them is, however, justified because the evidence did not support the theory that the partnership made a net loss, either on cash or accrual accounting. The willfulness and fraud of Schwartz were clearly put to the jury, as well as the matter of reasonable doubt. These were really the only matters that the jury had room to debate about. Looking to the whole record, we think no error appears on which reversal ought to be had.

Judgment affirmed.